IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

Donna Jean Jacobus, )
) C/A No. 5:17-3438-TMC
Plaintiff, )
)
v. ) **ORDER**
)
Nancy A. Berryhill, Acting )
Commissioner of Social Security, )
)
Defendant. )

This matter is before the court on the Parties' Joint Stipulation for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 22). The parties have stipulated that an award of Two Thousand Five Hundred Thirty-Seven Dollars ($2,537.00) in attorney's fees under the EAJA is reasonable in this case. (ECF No. 22 at 1).

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States, unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).[1] The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. *Pierce v. Underwood,* 487 U.S. 552 (1988); *May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991).

---

[1] A party who wins a remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300–302 (1993). The remand in this case was made pursuant to sentence four.

The district courts also have broad discretion to set the attorney fee amount. In determining the fee award, "[e]xorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize and discount." *Hyatt v. North Carolina Dep't of Human Res.*, 315 F.3d 239, 254 (4th Cir. 2002) (citing *Comm'r v. Jean*, 496 U.S. 154, 163 (1990)). Additionally, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

Applying this standard to the facts of this case, the court concludes that the Commissioner's position was not substantially justified. Therefore, after a thorough review of the record in this case, the court finds that Jacobus has made a proper showing under the EAJA and, therefore grants an award of attorney's fees.

Based on the foregoing, Jacobus is awarded $2,537.00 in attorney's fees,.[2]

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

June 4, 2018
Anderson, South Carolina

---

[2] The court notes that these fees must be paid to Plaintiff. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same).